## THE UNITED STATES OF AMERICA vs. ALLEN & ROBINSON, LIMITED, et al.

### March 16, 1911.

*Practice—Admissibility of declarations of third persons:*  Declarations of third persons are inadmissible against litigants except in those cases where such third persons are so connected with the litigants that their declarations may be taken as the declarations of the parties themselves; as, for instance, the declaration of an agent who has authority to act in the matter under consideration, or, of a co-conspirator relating to a conspiracy which has been shown to exist.

*In Equity*:  Motion to reopen case.

*Wm. T. Rawlins,* Ass't. U. S. District Attorney, for the motion.

*Castle & Withington* and *Holmes, Stanley & Olson,* contra.

Dole, J.   Through some misunderstanding the case was nominally closed without the submission by the plaintiff of certain correspondence between Pope & Talbot and H. Hackfeld & Company, Limited, and without disposing of the question of the admissibility of such correspondence, the plaintiff claiming that H. Hackfeld & Company, Limited, was acting with the defendants in the conspiracy in restraint of trade either as a co-conspirator or as their agent in forwarding the conspiracy; it thereupon moved to reopen the case for the presentation of such correspondence, the admissibility of which is contested by the defendants on the ground that being a correspondence between third parties it is inadmissible as against the defendants unless it is first shown that H. Hackfeld & Company, Limited, was a co-conspirator with the defendants or was their agent in carrying out the conspiracy.

The point is well taken.   The declarations of third persons are not evidence against litigants, unless they are in some way so connected with the litigants that their declarations may be taken as the declarations of the parties themselves, for instance, the declarations of an agent who has authority to act in the matter under consideration, or of conspirators relating to a conspiracy which has been shown to exist.   *United States v. Logan,* 144 U. S. 263; *American Fur Co. v. United States,* 27 U. S. 358.   Where such relation does not exist the declarations of third persons would deprive the party against whom they are admitted of opportunity of cross-examination. · *Brown v. United States,* 150 U. S. 93, 99.

Has it been shown that H. Hackfeld & Company, Limited, was a co-conspirator with the defendants or their agent in the matter of the conspiracy charged?   As the agent of Pope & Talbot, H. Hackfeld & Company, Limited, was in the business of importing and selling lumber for which it received a commission of two and one-half per cent on the lumber brought in and sold and the same for orders; which orders were only from the defendants as regards Honolulu because no others were received, although the company would have been glad to have had

the business of other parties. Large importations were also made for the branch stores of H. Hackfeld & Company, Limited, on the Island of Hawaii. The arrangement of the commissions was between Pope & Talbot and H. Hackfeld & Company, Limited, alone.

When orders were forwarded by H. Hackfeld & Company, Limited, for not less than 150,000 feet of lumber to be shipped by one vessel of the American-Hawaiian line, the freight charges were discounted, and this was done when such orders for 150,000 feet were made up of orders from the three defendants. This arrangement does not necessarily cast suspicion on H. Hackfeld & Company, Limited, as promoting a conspiracy by the defendants. The allowance of a discount on large orders was a bid for business by the American-Hawaiian line, and the practice of H. Hackfeld & Company, Limited, of lumping together the orders of the three defendants in order to obtain the discount, was suggested by the American-Hawaiian line looking for business and competing with sailing vessels in the lumber trade.

Whatever may have been the relations of the defendants with each other, I find nothing in the evidence to show that H. Hackfeld & Company, Limited, was acting as their agent in any scheme for the restraint of trade or for the creation of a monopoly. There is nothing to show that it was their agent in any way more than that it represented a firm with which they were dealing.

I therefore find that the correspondence in question is inadmissible, and deny the motion to reopen the case.